**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-17437 MER |
| CCI FUNDING I, LLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| JANICE A. STEINLE, TRUSTEE ) | Adversary No. 10-1532 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CV LAND & DEVELOPMENT CO., LLC, ) | |
| et al. ) | |
| ) | Signed/Docketed |
| Defendants. ) | September 30, 2011 |

**ORDER**

THIS MATTER comes before the Court on the *Motion to Dismiss on the Issues of Jurisdiction and Venue, as Well as Failure to State a Cause of Action, as Well as Other Grounds Pursuant to FBKR 7-012(b)(1) (2) (3) (6) (7) and FBKR 7-019 in the Form of A Summary Judgment on These Issues, Memoranda Statement of Uncontested Fact, on Behalf of the Defendants (Non-Core "Not Related To.")* (the "Motion to Dismiss") filed by Defendants CV Land Development, LLC, DT Land Development, LLC, Terryl D. Corlis, and Donald R. Vernon (the "Defendants"), through their previous attorney, Jennie Deden Behles and the response and reply thereto.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as it concerns the administration of the estate and affects the assets of the estate.

**BACKGROUND FACTS**

Most of the pertinent background facts are set forth in the Court's November 16, 2010 Order in the underlying bankruptcy case, the Court's February 28, 2011 Order denying relief from the November 16, 2010 Order, and the Court's June 6, 2011 oral ruling approving the settlement agreement between the Trustees in the Commercial Capital, Inc. case and the CCI Funding I, LLC case. The following summary is taken from those orders.

On April 22, 2009, Commercial Capital, Inc. ("CCI") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in Case No. 09-17238 MER. On April 24, 2009, CCI Funding I, LLC ("CCIF") filed its voluntary Chapter 11 petition in Case No. 09-17437 MER. CCIF served as debtor-in-possession until the appointment of Chapter 11 Trustee Janice Steinle ("Steinle") was approved by Order dated November 10, 2009. CCIF is wholly owned by CCI. James Markus, Esq. ("Markus") was elected Chapter 11 Trustee in the CCI case, and his appointment was approved by the Court on December 11, 2009.

Prior to its bankruptcy filing, CCI was engaged in commercial real estate lending, including construction lending. CCI entered into a lending relationship with WestLB AG, New York Branch ("WestLB"). As part of that relationship, CCI formed CCIF as a wholly owned special purpose entity. Financing for CCI's commercial lending business was provided by WestLB pursuant to a credit and security agreement dated as of January 5, 2007. Mortgage loans generated by CCI were sold to CCIF pursuant to a purchase and sale agreement, also dated as of January 5, 2007. The mortgage loans acquired by CCIF, together with other property, were pledged by CCIF to WestLB as collateral for CCIF's obligations to WestLB under the Credit Agreement. In addition, CCI retained the responsibility for servicing the mortgage loans pursuant to a servicing agreement between CCI as servicer, CCIF as owner, Wells Fargo Bank as back-up servicer, and WestLB as agent.

WestLB's credit facility with CCIF and CCI expired by its terms in early January 2009. During the term of the loan, WestLB loaned CCIF approximately $150 million, which funds were paid to CCI in exchange for the Mortgage Loans. CCI was unable to find a replacement lender for WestLB, and CCI and CCIF filed their Chapter 11 petitions.

Before it filed its Chapter 11 petition, CCI had made fifty-four (54) commercial real estate mortgage loans secured by deeds of trust or mortgages encumbering various parcels of real property located in Colorado, Texas, California, New Mexico, Arizona and Ohio. Disputes arose between CCI and CCIF regarding security interests, liens and ownership of the mortgage loans and properties. These disputes formed the subject of Adversary Proceeding 09-01739 MER, filed by Steinle against CCI and other defendants on November 25, 2009. A settlement agreement in that adversary proceeding was approved June 16, 2011.

In the meantime, on July 21, 2010, Steinle filed the instant adversary proceeding against the within Defendants.[1] The Complaint alleges CCI made two prepetition commercial mortgage loans, to CV Land & Development Company ("CV Land"), each in the original principal face amount of $3,421,894.00. The loans were evidenced by promissory notes dated August 30, 2007, and governed by two Construction Loan Agreements dated August 30, 2007, between CV Land and CCI. The loans were secured by real property and improvements in Bernalillo County, New Mexico, and were guaranteed by Terryl D. Corlis ("Corlis") and Donald R. Vernon ("Vernon"). The Complaint further alleges CCI made a prepetition commercial mortgage loan to DT Land

---

[1] Steinle also filed, on August 10, 2010, in the underlying case, a *Motion for Order of Contempt for Violation of Automatic Stay* directed at those same parties. The Court held a hearing on the Motion for Order of Contempt on September 8, 2010. As noted above, on November 16, 2010, the Court issued its Order granting the Motion for Order of Contempt.

Development, LLC ("DT Land") in the original principal face amount of $5,499,843.  The DT Land loan and was also evidenced by a promissory note, and was governed by a Construction Loan Agreement dated April 30, 2008, between DT Land and CCI.  The DT Land loan was secured by real property and improvements in Bernalillo County, New Mexico, and was guaranteed by Corlis and Vernon.  According to the Complaint, the two CV Land loans and the DT Land loan were sold by CCI to CCIF on or about January 5, 2007.

The Complaint contains the following claims for relief:  (1) against CV Land for judgment on the CV Land promissory notes, indicating the loans matured August 30, 2008, and are in default, and seeking judgment in CCIF's favor in the amount of $6,627,174.10, plus interest, late charges, attorneys' fees, and costs; (2) against DT Land for judgment on the DT Land promissory note, indicating the loan matured August 1, 2009, and is in default, and seeking judgment in CCIF's favor in the amount of $3,913,974.97 plus interest, late charges, attorneys' fees, and costs; and (3) against Corlis and Vernon on their guaranties, seeking judgment in CCIF's favor in the amount of $10,541,149.07, plus interest, late charges, attorneys' fees, and costs.  On July 23, 2010, Steinle filed an Amended Complaint to add a fourth claim for relief seeking an injunction against all the Defendants from prosecuting their lawsuit in New Mexico brought against West LB.[2]

The suit to which the fourth claim for relief refers was commenced by the Defendants on June 12, 2009, in the District Court for Bernalillo County, New Mexico, by filing a Complaint against Defendant West LB (the "New Mexico State Action").[3]  The Complaint sought a judgment voiding or rescinding two of the commercial real property loans made by CCI to Respondent CV Land & Development Company on property in Albuquerque, New Mexico, and extinguishing liens on the Defendants' property associated with the loans.  It also sought a declaratory judgment stating West LB is the true holder of the notes in the transaction, not CCIF or CCI.

Before it learned of the New Mexico State Action, West LB filed a related action against the Defendants in the United States District Court for the District of Colorado (the "Colorado Federal Action"), seeking a declaratory judgment that it is not the lender in the loans to the Defendants.  In addition, the New Mexico State Action was removed to the United States District Court for the District of New Mexico (the "New Mexico Federal Action").  The New Mexico Federal Action was then stayed by agreement of the Defendants and West LB, while the Colorado Federal Action went forward.  Steinle filed a motion to intervene in the Colorado Federal Action, which was granted March 29, 2010.  However, the United States District Court for the District of Colorado ordered that the Colorado Federal Action was stayed, that the District Court for the District of New Mexico would determine which of the federal actions should proceed, and that Steinle's complaint in intervention was dismissed without prejudice.

On October 5, 2010, Judge Robert Brack of the United States District Court for the District of New Mexico entered an Order (1) finding as between the Colorado Federal Action and the New Mexico Federal Action, the New Mexico Federal Action should proceed first; and (2) staying the

---

[2] The New Mexico lawsuit is the same action to which the Motion for Order of Contempt in the underlying case pertained.

[3] CCIF, CCI and their respective trustees are not parties to the New Mexico State Action.

New Mexico Federal Action pending a determination regarding the applicability of the automatic stay by this Court. Thereafter, on November 16, 2010, this Court entered an Order granting the Motion for Order of Contempt and directing CV Land, DT Land, Corlis, and Vernon to cease all actions outside of this Court which seek a determination as to the ownership and enforceability of the subject loans, pending further order of this Court.

On February 28, 2011, the Court denied the Motion to Reconsider the November 16, 2010 Order filed by CV Land, DT Land, Corlis, and Vernon. Judgment then entered on the Motion for Order of Contempt, and an appeal was filed. The appeal was dismissed upon the appellants' motion on May 19, 2011. Jennie Deden Behles, the attorney for CV Land, DT Land, Corlis, and Vernon, was allowed to withdraw in the underlying case and in this adversary proceeding on July 12, 2011. On July 13, 2011, the Court issued an Order directing CV Land and DT Land to obtain counsel by August 10, 2011. As of the date of this Order, no appearance of substitute counsel has been entered on behalf of CV Land or DT Land.

The Motion to Dismiss alleges this Court does not have personal jurisdiction over the Defendants, and seeks dismissal of the action or summary judgment in Defendants' favor on that basis. In addition, the Motion to Dismiss contends the adversary proceeding is not a core proceeding or a "related to" proceeding for purposes of subject matter jurisdiction, and asks the Court to abstain from hearing the proceeding. The Motion to Dismiss argues the instant adversary proceeding constitutes an attempt by Steinle to obtain a "second bite at the apple" following the dismissal without prejudice of Steinle's claims in Case No. 09-CV-1931 in the United States District Court for the District of Colorado. Further, the Motion to Dismiss states since the property at issue, of which Steinle seeks turnover, is located in New Mexico, venue for claims associated with the property is only proper in New Mexico. The Motion to Dismiss goes on to assert the Complaint fails to state a claim upon which relief can be granted because Steinle is not the owner of the subject notes, agreements, and guaranties. Lastly, the Motion to Dismiss states the CCI Trustee, Markus, is an indispensable party to the adversary proceeding, and his absence constitutes grounds for dismissal under FED. R. CIV. P. 12(b)(7).

## DISCUSSION

Regarding the Defendants' assertions of lack of personal jurisdiction, the Court notes Judge Campbell of this Court observed the Tenth Circuit Court of Appeals has not ruled whether a defendant who resides in or who conducts business in the United States is subject to personal jurisdiction in any United States Court in adversary proceedings "related to" a bankruptcy case (the "national contacts" test).[4] However, the Tenth Circuit has rejected the national contacts test in a case involving the ERISA statute, finding "due process requires something more."[5] Specifically, the *Peay* Court found the Fifth Amendment requires a plaintiff's choice of forum "to be fair and

---

[4] *Martinez v. Hutton (In re Harwell)*, 381 B.R. 885, 889 (Bankr. D. Colo. 2008).

[5] *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1211 (10th Cir. 2000).

reasonable to the defendant" in a federal question case.[6]

The instant adversary proceeding is a federal question case, invoking jurisdiction under 28 U.S.C. § 1334(b). The proceeding is based on a statute, the Bankruptcy Code, which provides for nationwide service of process, like the ERISA statute discussed in *Peay*. The *Peay* Court found a defendant asserting lack of personal jurisdiction under such a statute must demonstrate "that his liberty interests actually have been infringed, " that is, that the forum chosen by the plaintiff makes "litigation so gravely difficult and inconvenient that [the defendant] unfairly is at a severe disadvantage in comparison to his opponent."[7]

To demonstrate such inconvenience, a defendant must show:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.[8]

However, even if a defendant demonstrates such undue inconvenience, a court may still have personal jurisdiction, but "only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant."[9]

Here, there is no dispute Steinle and the Defendants are located in different states. Nevertheless, there has been no showing the Defendants are unable to negotiate the distance between Albuquerque, New Mexico and Denver, Colorado for the limited purposes of trial preparation and trial, and, as noted by Judge Campbell: "the realities of communications technology and modern litigation practice substantially reduce the burden of the distance. [It] should not present as great an inconvenience where it appears that both parties have access to relevant documents, and many of the basic facts . . . ."[10] Therefore, the request to dismiss the proceeding on the basis of personal jurisdiction must be denied.

---

[6] *Id.*, at 1212 (quoting *Republic of Panama v. BCCI (Luxembourg) S.A.*, 119 F.3d 935, 945 (11th Cir. 1997) for the proposition individual litigants must be protected against the burden of litigation "in an unduly inconvenient forum.").

[7] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[8] *Id.*, at 1212 (citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 203 (E. D. Pa.1974)).

[9] *Id.*, at 1213 (quoting *Republic of Panama*, 119 F.3d at 948).

[10] *Harwell*, 381 B.R. at 890.

With respect to the Defendants' contentions the subject loans are not property of the estate, the Court finds the settlement approved between Steinle and Markus specifically provides the CCIF estate receives ownership of the subject loans. Therefore, Steinle, as Trustee of the CCIF estate, is the proper party-in-interest to pursue recovery of those loans on behalf of the CCIF estate. 28 U.S.C. § 157(b)(2)(E) provides core proceedings, which may be heard by the Bankruptcy Court, include orders to turn over property of the estate. In this adversary proceeding, Steinle seeks recovery of the amounts due under the notes and guaranties as property of the estate, bringing the action within the purview of 28 U.S.C. § 157(b)(2)(E). Therefore, the Court will deny the request for dismissal on this basis, and finds abstention is not appropriate.[11]

In addition, the settlement between the Trustees giving Steinle ownership of the loans as property of the estate prevents dismissal on the basis of failure to state a claim upon which relief can be granted. The settlement also renders moot the question of whether Markus is an indispensable party, precluding dismissal on that ground.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED the Motion to Dismiss is denied.

IT IS FURTHER ORDERED the corporate defendants, CV Land and DT Land, shall show cause in writing on or before November 1, 2011, as to why default and default judgment should not be entered against them for failure to obtain representation by an attorney as required by this Court's Order of July 13, 2011, and as required by the case law of the Tenth Circuit.[12]

Dated September 30, 2011

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge

---

[11] The Court notes it makes no finding as to whether Steinle would have to pursue foreclosure of the property collateralizing the notes in a different forum.

[12] *See Flora Construction Company v. Fireman's Fund Company*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied*, 371 U.S. 950 (1963).